No. 2527

Second Circuit

---

PAYNE v. AUTO FINANCE CO.

---

(Feb. 24, 1927.   Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana   Digest—Licenses—Par.   6; Laws—Par. 76.

The meaning of the term "gross annual receipts" in Section 25 of Act 205 of 1924, concerning license taxation, is gross annual earnings or revenue from its business.

Appeal from the Tenth Judicial District Court of Louisiana, Parish of Natchitoches. Hon. John F. Stephens, Judge.

Action by J. W. Payne, tax collector, against Auto Finance Company.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

C. M. Cunningham, of Natchitoches, attorney for plaintiff, appellee.

Breazeale & Breazeale, of Natchitoches, attorneys for defendant, appellant.

ODOM, J.   This is a rule by the tax collector of Natchitoches parish on the defendant to show cause why it should not be ordered to pay a license tax of $150.00 for the year 1924, and $300.00 for the year 1925.

There was, judgment in the lower court in favor of the tax collector making the rule absolute and defendant has appealed.

OPINION

The facts in the case are not disputed and are as follows:

Defendant is a corporation with a capital stock of $25,000.00.   It is what is commonly called a "finance company" and deals in notes secured by chattel mortgage on automobiles.

The gross amount colected by it in the year 1924, that is, the gross amount of its receipts, was between $50,000.00 and $75,000.00.

Its gross earnings for that period amouned to $6,430.00.

Defendant paid no license for the year 1924.

For the year 1925, it made a sworn statement to the tax collector that its gross earnings for the year 1924 were $6,430.00, and on that basis it paid a license tax for the year 1925 of $50.00.

This license was paid under the provisions of Section 25 of Act 205 of 1924, which reads, in part, as follows:

"That any other business not provided for in this act, and not otherwise provided for by separate law, except manufacturing, shall be graded the same as above set forth, and shall pay a license as fixed in this section."

Defendant, as stated, is what is commonly called a "finance company", and

its business is not specifically provided for in Act 205 of 1924, nor in any separate law. Its gross earnings being $6,430.00, it was placed in class twenty-seventh of Section 25 of said act, which reads as follows:

"Twenty-seventh Class—When the gross annual receipts are six thousand dollars or more, and less than eight thousand dollars, the license shall be fifty dollars ($50.00)."

After issuing the license, the tax collector was advised, it seems, that the terms "gross annual receipts", as used in the statute, mean not gross earnings or profits but the gross amount received or collected by defendant during that year.

Defendant, as already stated, bought and discounted chattel mortgage notes. It either sold the notes or collected them when due. If the notes matured while in the hands of defendant they were collected.

Defendant collected, in the year 1924, a gross sum of between $50,000.00 and $75,000.00, but that included not only interest and discount or profits, but also the principal sums paid for the notes, which notes were paid when they fell due.

The tax collector, therefore, seeks to collect a license of defendant under class nineteenth of Section 25 of the act, which reads as follows:

"Nineteenth Class—When the gross annual receipts are fifty thousand dollars or more, and less than seventy-five thousand dollars, the license shall be three hundred dollars ($300.00)."

Defendant contends that "gross annual receipts" means gross annual earnings or revenues from its business.

Defendant's contention is correct.

The identical point was raised in the case of T. R. Hughes, Tax Collector, vs. Commercial Securities Company, appealed to the Supreme Court from Caddo parish. The defendant in that case was engaged in the same character of business as that engaged in by the defendant in this case. The tax collector in that case made the same contention as is made by the tax collector in this case. The district judge of Caddo parish held against the tax collector and his ruling was upheld by the Supreme Court.

See T. R. Hughes, Tax Collector, vs. Commercial Securities Company, No. 28293, on the docket of the Supreme Court, decided January 31, 1927.

Defendant has paid the full amount of license due by it for the year 1925. However, it is not denied that it owes the license for the year 1924. The amount of license tax, for that year is fixed by Section 26 of Act 233 of 1920, and is $50.00.

For the reasons assigned, it is ordered and decreed that the judgment appealed from be reversed; and it is now ordered and decreed that there be judgment in favor of the tax collector and against defendant Auto Finance Company in the sum of fifty dollars, license for the year 1924, together with interest at two per cent per month from May 1, 1924, until paid, and ten per cent attorney's fees on both principal and interest. Defendant to pay costs.